Starlite Acupuncture, P.C., as Assignee of Torres, Yamil, Respondent, 
against
MVAIC, Appellant. 




Marshall & Marshall, PLLC (Barbara Carabell of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered July 8, 2016. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
Since MVAIC established that there had been no timely filing of a notice to make claim (see Insurance Law § 5208 [a]), plaintiff's assignor is not a "covered person" (Insurance Law § 5221 [b] [2]). Thus, a condition precedent to plaintiff's right to apply for payment of no-fault benefits from defendant has not been satisfied (see M.N.M. Med. Health Care, P.C. v MVAIC, 22 Misc 3d 128[A], 2009 NY Slip Op 50041[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Bell Air Med. Supply, LLC v MVAIC, 16 Misc 3d 135[A], 2007 NY Slip Op 51607[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In opposition to MVAIC's motion, plaintiff failed to establish that leave had 
been obtained to file a late notice of claim or otherwise raise a triable issue of fact (see Insurance [*2]Law § 5208 [c]). 
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019